UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATE DURANT,

    Plaintiff,                                   Civil Action No. 17-CV-11210

vs.                                                 HON. BERNARD A. FRIEDMAN

HUNTINGTON WOODS,
OAK PARK,
M. NIELSEN, and
S. DICHTEL,

    Defendants.

_____/

## OPINION AND ORDER GRANTING THE MOTION OF DEFENDANTS
## OAK PARK AND DICHTEL FOR SUMMARY JUDGMENT

This matter is presently before the Court on the motion of defendants Oak Park and S. Dichtel for summary judgment [docket entry 23]. Plaintiff has not responded, and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is a police misconduct and municipal liability action. Plaintiff alleges that in August 2016 officer Dichtel neglected to help him arrest a thief who had stolen his bicycle. When plaintiff pursued the thief, plaintiff was tased by a Huntington Woods police officer, M. Nielsen. Plaintiff's claims against Nielsen and Dichtel (for "gross negligence, willful and wanton misconduct, and assault and battery") are based on a long list of boilerplate allegations, e.g., that they "fail[ed] to provide and/or supervise the proper instruction, training and/or guidance on the use of appropriate/lawful force versus the use of unlawful/excessive force" and "fail[ed] to provide and or supervise the proper instruction, training and/or guidance of what constitutes unlawful use of force." Compl. ¶ 36(a), (b). The claims against Huntington Woods and Oak Park are that they failed to train

and supervise their officers in the use of force.

Defendant Dichtel seeks summary judgment on the grounds that plaintiff has pled no facts, and none have been learned through discovery, that would defeat Dichtel's entitlement to governmental immunity. In particular, there are no allegations or facts suggesting that Dichtel was grossly negligent or that his conduct caused plaintiff's injuries. Defendant Oak Park seeks summary judgment on the grounds that it cannot be liable unless Dichtel violated plaintiff's constitutional rights (a necessary but insufficient condition), and plaintiff has not alleged or shown that Dichtel did so. Oak Park argues further that plaintiff has not alleged or shown that any unconstitutional policy or custom of the municipality was the moving force of a violation of plaintiff's rights.

Because plaintiff has failed to respond to defendants' motion, it is "undisputed for purposes of the motion," Fed. R. Civ. P. 56(e)(2), that plaintiff has no evidence to support any of his claims against defendants Dichtel or Oak Park. This is also apparent from the complaint and plaintiff's deposition testimony, which allege that it was Nielsen, not Dichtel, who tased plaintiff. Accordingly,

IT IS ORDERED that the motion of defendants Dichtel and Oak Park for summary judgment is granted.

Dated: April 4, 2018             s/Bernard A. Friedman
Detroit, Michigan            BERNARD A. FRIEDMAN
                                             SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 4, 2018.

s/Johnetta M. Curry-Williams<br>
Case Manager